IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| ERVIE SAVAGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-1523-E |
| | § | |
| WAL-MART STORES, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER AND MEMORANDUM OPINION**

Before the Court is Defendant's Motion to Dismiss and Brief in Support (Doc. 4). After considering the motion, response, the record, and applicable law, the Court finds that the motion should be, and therefore is, GRANTED.

I.   **Factual Background**

Plaintiff Ervie Savage files this suit requesting the Court vacate an unfavorable arbitration award stemming from a negligence claim against her employer Wal-Mart Stores Inc. ("Walmart"). Savage's underlying claim is based on a November 28, 2017, slip and fall accident that occurred while Savage was working as a fuel station cashier at a Walmart store. The underlying mediation did not take place until March 5, 2021. The arbitrator issued her Final Arbitration Decision one month later. (Doc. 1-1).

The arbitrator found that the Walmart manager dragged a mop across the floor where, just a few minutes later, Savage eventually slipped and fell during her shift. *Id.* The arbitrator further found that Savage sought medical treatment for her back and right arm pain but determined that the video surveillance footage showed Savage fell on her left side only. The arbitrator noted Savage's past medical records indicate she previously sought medical treatment for back pain and

right arm pain unrelated to any workplace injury. Finally, the arbitrator noted that video surveillance footage post slip and fall showed Savage engaging in various physical activities that tended to undermine her claim of back and right arm injuries.

Ultimately, the arbitrator concluded that Savage failed to do the following: 1) "establish[] by a preponderance of the evidence that [Walmart] engaged in negligent activity relating to her fall"; 2) "establish by preponderance of the evidence that her injuries claimed [] were caused in fact by her fall on November 28, 2017"; and 3) "provid[e] sufficient evidence to establish damages with legal certainty." Savage recovered nothing as a result of the decision.

Savage argues the Arbitration Award and Final Arbitration Decision should be vacated "based on the Arbitrator exceeding her powers or so imperfectly executing them that a mutual, final and definite award was not made." (Doc. 1) (citing 9 U.S.C. § 10(a)(4)). Savage goes on to argue that the underlying facts are undisputed and clearly establish the supervisor's negligence in dragging the mop across the floor. *Id.* Walmart filed its Motion to Dismiss and Brief in Support arguing Plaintiff failed to establish her entitlement to relief pursuant to the statute she cites. (Doc. 4). The Court agrees with the Defendant.

## II. Legal Standard

### a. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must "plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will accept well pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). The Court will not accept as true "legal conclusions couched as factual allegations." *Iqbal*, 556 U.S. at 678.

### b. Vacating an Arbitration Award

A district court's "review of an arbitration award is extraordinarily narrow." *YPF S.A. v. Apache Overseas, Inc.*, 924 F.3d 815, 819 (5th Cir. 2019). Its review "under § 10(a)(4) is limited to the 'sole question . . . [of] whether the arbitrator (even arguably) interpreted the parties' contract.'" *BNSF Ry. Co. v. Alstom Transp., Inc.*, 777 F.3d 785, 788 (5th Cir. 2015) (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)). So long as "the arbitrator is 'even arguably construing or applying the contract or acting within the scope of his authority'" even a "serious error [of law or fact] does not suffice to overturn [the arbitrator's] decision." *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 844 (5th Cir. 2020) (citations omitted). In conducting their review, courts "must resolve all doubts in favor of the arbitration's validity. *YPF S.A.*, 924 F.3d at 818 (quoting *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012)).

### III.   Analysis

#### a. Walmart's arbitration policy grants the arbitrator power to make this decision.

Walmart's arbitration policy expressly states that the following claims must be submitted to final and binding arbitration: "any legal or equitable claim by or with respect to an associate for any form of physical or psychological damage, harm or death which related to an accident, occupational disease, or cumulative trauma (including, but not limited to, claims of negligence. . . .). (Doc. 1-1, Section (a)(2)). Plaintiff claims specifically that she suffered a workplace injury because of the Walmart manager's negligent activity. Therefore, her claim falls under Section (a)(2) of the arbitration policy.

Walmart's arbitration policy further states in bold writing, in its section titled "Arbitration

Decision", that "the arbitrator will make a final and binding decision within 30 days after the hearing is closed." (Doc. 1-1, Section (i)). The policy further requires that the "arbitrator's decision shall be rendered in writing and include a brief summary of all findings of fact and conclusions of law necessary to support the arbitrator's decision." (Doc. 1-1, Section (i)(1)). The Final Arbitration Decision establishes that the arbitrator acted in accordance with, at minimum, the arbitrations policy requirement to have a hearing, issue a binding decision, in writing, and within thirty days of that hearing. Furthermore, there is no evidence within the record that the arbitrator acted in a manner expressly prohibited by Walmart's arbitration policy.

Finally, Plaintiff does not dispute in either her complaint or response that the arbitrator had the authority under Walmart's arbitration policy to hear and render a binding decision in her negligence claim against Walmart. She argues only that the arbitrator's decision is contrary to the underlying facts. This argument fails to satisfy the Rule 12(b)(6) analysis.

### b. Plaintiff's argument is precluded by law.

Courts "may not reconsider an award based on alleged errors of fact or law or misinterpretation of the contract." *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164-165 (5th Cir. 1998) (quoting *Exxon Corp. v. Baton Rouge Oil & Chemical Workers Union*, 77 F.3d 850, 853 (5th Cir. 1996)); *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320 (5th Cir. 1994) ("We must sustain an arbitration award even if we disagree with the arbitrator's interpretation of the underlying contract as long as the arbitrator's decision 'draws its essence' from the contract.") (citations omitted). So long as an arbitration award "is rationally inferable from the letter or purpose of the underlying agreement," the award should be upheld regardless of alleged errors of law or fact. *Executone*, 26 F.3d at 1320. For the reasons noted in the preceding paragraph, the Court concludes the arbitration award is "rationally inferable" from Walmart's arbitration policy. Therefore, the Court must decline to reconsider the Final Arbitration

Decision.

## IV. Conclusion

Because Plaintiff failed to establish that the arbitration award can be vacated, Defendant's Motion to Dismiss and Brief in Support (Doc. 4) is GRANTED. The case is hereby DISMISSED WITH PREJUDICE.

So Ordered: February 23, 2022.

Ada Brown
UNITED STATES DISTRICT JUDGE